**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **M.E.C.M.,** | : | |
| | : | |
| **Petitioner,** | : | **CASE NO:** |
| **v.** | : | **7:26-cv-327–WLS-CHW** |
| | : | |
| **WARDEN, IRWIN COUNTY DETENTION CENTER, *et al.*,** | : | |
| | : | |
| **Respondents.** | : | |

## ORDER

Petitioner M.E.C.M. filed an application for habeas corpus relief under 28 U.S.C. § 2241 on October 21, 2026. (ECF No. 1). On October 23, 2026, the Court entered an Order (ECF No. 3) ("Bond Order") directing Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a)(2) and the applicable regulations. The Bond Order further provided that the bond hearing "shall comport with all the requirements of Due Process, including the requirement that the Department of Homeland Security ["DHS"] shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk." (*Id.* at 2) (citing *J.G. v. Warden, Irwin County Detention Center*, 501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020). Petitioner states that the Executive Office of Immigration Review ("EOIR") scheduled a bond hearing which was held on November 12, 2026, before Immigration Judge Biaca Brown. (ECF No. 6 at 2).

Petitioner has now filed a "Motion to Enforce Order Granting Habeas Petition and for Emergency Temporary Restraining Order." (ECF No. 6). Therein, Petitioner requests that the Court (1) enforce its Bond Order ("Motion to Enforce"), and (2) restrain Respondents from removing Petitioner from the United States, and generally from the jurisdiction where this matter is pending ("TRO Motion").

## I. Motion to Enforce

In the Motion to Enforce, Petitioner contends that in conducting the bond hearing ordered by this Court, Immigration Judge Biaca Brown "failed to account for [Petitioner's]

individual circumstances in violation of due process and this Court's order." (*Id.* at 2). Petitioner asserts Judge Brown completely ignored evidence in her favor such as her ties to the United States, her marriage to a Lawful Permanent Resident, her ties to her community, her employment, and that she has been a law-abiding, responsible person during the three years since her arrival in the United States. (*Id.* at 10). Petitioner asserts that "there is mounting evidence that [Judge Brown] has a pattern and practice of finding nearly every noncitizen who seeks bond before her to be a flight risk, regardless of the individual's circumstances." (*Id.* at 2). Petitioner asks the Court to review the bond proceedings for Constitutional and legal errors and to order Petitioner's immediate release.

In the Order of the Immigration Judge (Doc. 6-1) ("IJ Order") denying Petitioner's request for a bond, Judge Brown stated:

> The Court finds that DHS met its burden to show that Respondent is a significant flight risk. The Court notes that Respondent is a relatively recent entrant to the United States and that she is married to a Lawful Permanent Resident. Moreover, Respondent's case was denied by an Immigration Judge and Respondent's case is currently on appeal. Therefore, given all of the above, Court finds that Respondent remains a flight risk given the status of her immigration proceedings and speculative relief and thus denies bond.

(*Id.* at 1).

"Courts have the inherent power to enforce compliance with their lawful orders[.]" *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991). The Court ordered Respondents to "provide Petitioner with a bond hearing . . . under § 1226(a)(2) and the applicable regulations." (Bond Order at 2). In so ordering, the Court expected Respondents would hold a bond hearing that comports with due process, including the requirement that the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a flight risk. (*Id.*) Because Petitioner alleges that Respondents did not, the Court has jurisdiction to review these allegations and enforce its Bond Order as needed.

Unlike other cases, the IJ Order reflects that Judge Brown put the burden of proof on DHS. While Judge Brown could have stated more clearly that she required "clear and convincing evidence" as required by the Bond Order, Judge Brown indicates that the IJ Order is pursuant to this Court's October 23, 2026 Order. Thus, there is no reason for the Court to

believe that Judge Brown did not fully comply with the requirement in the Bond Order that DHS's burden was to show clear and convincing evidence.

Petitioner asserts that she is not challenging Judge Brown's exercise of her discretion in weighing the evidence. Rather, she contends that Judge Brown abdicated her duty to weigh the evidence based on Judge Brown allegedly ignoring the evidence in Petitioner's favor. Petitioner provided a copy of the documents she presented to Judge Brown at the November 12, 2026 Bond Hearing. However, Petitioner did not provide a transcript of that hearing. In effect, Petitioner is asking the Court to consider only the evidence presented by Petitioner in support of her request that this Court review Judge Brown's decision on the merits. How Judge Brown weighed the evidence before her is within her discretion and outside this Court's jurisdiction to review. If Petitioner disagrees with how Judge Brown weighed the evidence or whether she considered all the evidence, Petitioner's avenue for relief was to appeal Judge Brown's decision to the Board of Immigration Appeals ("BIA").

The IJ Order reflects that in finding Petitioner is a flight risk, Judge Brown acknowledged that DHS had met its burden. Judge Brown specifically noted her findings that Petitioner is a relatively recent entrant to the United States and that Petitioner's case had been denied by an Immigration Judge.[1] Judge Brown also took into consideration that Petitioner had an appeal pending and was married to a Lawful Permanent Resident. Therefore, the Court finds that the bond hearing complied with the requirements of the Bond Order and properly placed the burden of proof on DHS to prove by clear and convincing evidence that Petitioner was a flight risk. And, as previously and consistently noted, this Court does not have jurisdiction to review an IJ's exercise of discretion in reaching a decision on the merits. Herein, the Court has reviewed Petitioner's Motion to Enforce not to assess Judge Brown's decision, but solely for compliance with this Court's Bond Order which was found to be within this Court's limited jurisdiction. Having found that Judge Brown applied the correct burden, further evaluation of her decision upon the merits is not within this Court jurisdiction.

Accordingly, the Court having found that Petitioner received the relief ordered by this Court, Petitioner's Motion to Enforce Order Granting Habeas Petition and for Emergency

---

[1] Petitioner argues that DHS mischaracterized the procedural history of Petitioner's removal proceedings. (ECF No. 6 at 6). If correct, that is also a matter to be appealed to the BIA, not this Court.

Temporary Restraining Order (Doc. 6) are **DENIED** to the extent that it requests this Court order Petitioner's immediate release or that alternatively, this Court order a new bond hearing with procedural safeguards.

## II. TRO MOTION

In her motion for a temporary restraining order, Petitioner asks the Court to enter an order prohibiting Respondents from removing Petitioner from the jurisdiction of this Court or from the United States. Petitioner contends that she is due to be transferred to a detention facility in Louisiana "this evening in the midnight hours." (ECF No. 6 at 15). She further contends that she is on a "list" to be removed from the United States imminently, even though there is no final order of removal in her case and an appeal from her order of removal is currently pending before the Board of Immigration Appeals. (*Id.*).

Pursuant to 8 U.S.C. § 1252(b)(9), apart from the narrow exceptions noted in support of its jurisdiction, this Court does not have independent jurisdiction to review any action or proceeding related to Petitioner's actual removal. As noted in the Bond Order "[o]nce a bond hearing is provided, Petitioner will have received the remedy that the Court is authorized to order, and Petitioner should file a notice of dismissal." (ECF No. 3 at 2). Further, reviewing the Petitioner's allegations in support of her motion, and further having found that the November 12, 2026 Bond Hearing complied with the Court's Bond Order, there is nothing further pending before this Court.

Accordingly, Petitioner's Motion to Enforce Order Granting Habeas Petition and for Emergency Temporary Restraining Order (Doc. 6) are **DENIED AS MOOT** as to Petitioner's request that this Court restrain her removal.

**SO ORDERED**, this 21st day of November, 2026.

**\s\ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**